# UNITED STATES CIRCUIT COURT.

### E. B. CROCKER *et al.* agt. HEMAN J. REDFIELD.

*Coin* shipped from China, described in the invoices as "copper cash," which passes in China by count as money, and the only coin there, cannot be imported into this country free of duty, or brought within the free-list, without at first proving that it was imported to be used as part of the currency of the country, or that it is, or was at the time of the importation, a part of such currency.

· A *protest* made against the payment of the duty and penalty on an article of importation, *after* the money is paid and in the hands of the collector, and the duty is ascertained comes too late.

*It seems*, that a suit cannot be sustained for a balance of money paid for duties in the hands of the collector, where the amount was *tendered* to the plaintiffs before suit brought.

*New - York, October,* 1859.
MOTION for judgment.

MR. GRISWOLD, *for plaintiffs.*
MR. HUNT, *for defendant.*

Crocker agt. Redfield.

NELSON, C. J.   The suit is brought in this case to recover an excess of duty paid under protest, (1) on a shipment of Chinese coin, and (2) on a shipment of Jute in 1854, 1855. (I.) The coin shipped was one thousand boxes which is described in the invoices " copper cash." It appears from the evidence in the case, that this description of coin, at the time of the importation from China, passed in that country by count as money, and was known by the designation of " copper cash," the only coin in China. That the pieces were composed of 60 per cent. to 70 per cent. copper; and 30 per cent. to 40 per cent. of lead or nickel.

The plaintiffs claim that the article is entitled to be imported into the country free of duty under schedule I of the Tariff Act of 1846, within the words " coins, gold, silver and copper." The collector claims that it falls under the description in schedule H, " copper when old and fit only to be newly manufactured," and chargeable with a duty of five per cent.

The purpose for which the coin was imported is nowhere stated in the case. Some light, we think, might have been thrown upon the question if evidence had been given on this point; for we are inclined to think that the clause in the free-list had reference to coins that were imported into the country for circulation as money, and inasmuch as no such purpose appears in respect to the coin in question, and no inference can be drawn to this effect from the description or designation of the article, the better opinion is that it has been properly arranged under schedule H, within the terms above referred to.

At least in our view of the clause of the free-list, we are of opinion that the article in question cannot be brought within it, without at first proving that it was imported to be used as part of the currency of the country, or that it is or was at the time of the importation a part of such currency.

II. As it respects the excess of duty claimed to be recovered upon the shipment of Jute, it is a sufficient answer to say that the protest is defective. It appears on the face of it that the money was paid, and in the hands of the collector before it was made against the payment of the duty and penalty.

There is no date to it, but the inference is unavoidable from the facts stated. Indeed, a balance is still in the hands of the collector of $92.85. It is said that the money was only deposited with the collector as a security for the payment of the duties when ascertained, and that the application did not take place till the ascertainment of the duties. Admitting this to be so, we do not agree to the consequence claimed. The money deposited was to be applied by the collector to the duties, and it cannot be said after this that it was paid compulsorily in order to get possession of the goods. The protest after the duties were ascertained came too late.

3. We do not think that the suit should be sustained for the $92.85, as this was tendered to the plaintiffs before suit brought. The plaintiffs knew that sum was ready for them at any time since the ascertainment of the duties. Judgment for the defendant.